WILL OF HECKERT: WISSMAN and another, Trustees, Appellants, vs. HECKERT, Respondent.

*December 4, 1929—January 7, 1930.*

For the appellants there was a brief by *Ryan, Cary & Ryan* of Appleton, and oral argument by *Patricia Ryan* and *Paul V. Cary.*

For the respondent the cause was submitted on the brief of *Albert H. Krugmeier* and *Joseph Witmer,* both of Appleton.

FOWLER, J. It is fundamental that a will should be so construed as to carry out the intention of the testator. From the provisions stated it is clear that the testator, for some reason deemed by him sufficient, probably because he wanted to assure that his property should go eventually to his children or grandchildren and not to strangers, intended that the trustees should hold the respective shares of Herman and Clara until he or she should have a living child or

should die and pay to him or her the income therefrom until one or the other event; that if the event were the birth of a living child, the bequest should then be paid to the one or both to whom a child was born; and if the event should be death, the share should then go to the brothers and sisters, or the heirs of any not then living, under the same conditions that their respective shares under their principal bequests were given to them. There is nothing in the will to indicate to the contrary. This requires reversal of the judgment so far as it provides for termination of the trust and payment to Herman and Clara of their shares at this time.

*By the Court.*—The portion of the judgment appealed from is reversed, and the cause remanded with directions to modify the judgment in accordance with the opinion.