ESTATE OF HECKERT: HECKERT and others, Appellants, vs. TUTTRUP and another, Trustees, Respondents.*

*January 13—February 9, 1943.*

* Motion for rehearing denied, with $25 costs, on April 13, 1943.

282

The cause was submitted for the appellants on the brief of *Edgar Victor Werner* of Appleton, and for the respondents on the brief of *Albert H. Krugmeier,* attorney, and *Joseph Witmer* of counsel, both of Appleton.

FRITZ, J. The appellants, Robert O. Heckert, Amanda E. Pfeil, and Augusta Bonini, contend that the order appealed from is erroneous in so far as it provides that Herman F. Heckert and Emil T. Heckert are entitled to the transfer and distribution to each of them, at this time, of a one-fifth part of Clara Glantz's share in the trust estate created by the will of their father, Herman Heckert. On an appeal from a judgment construing that will the judgment was reversed in so far as it adjudged the termination of the trust and payment at that time to Herman F. Heckert and Clara Glantz of their shares therein. In reaching that conclusion we said,—

"From the provisions stated it is clear that the testator, for some reason deemed by him sufficient, probably because he wanted to assure that his property should go eventually to his children or grandchildren and not to strangers, intended that the trustees should hold the respective shares of Herman and Clara until he or she should have a living child or should die and pay to him or her the income therefrom until one or the other event; that if the event were the birth of a living child, the bequest should then be paid to the one or both to whom a child was born; and if the event should be death, the share should then go to the brothers and sisters, or the heirs of any not then living, under the same conditions that their respective shares under their principal bequests were given to them. There is nothing in the will to indicate to the contrary." (*Will of Heckert,* 200 Wis. 386, 387, 388, 228 N. W. 495.)

In view of the death of Clara Glantz without having had lawful issue there has now become operative, in respect to her share in the trust estate, the provision in the father's will that—

"if she shall die without having hereafter had lawful issue of her own body living, then and in that case such part so held in

trust for her shall go to her brothers and sisters in equal shares subject to the same condition and limitation under which their bequests are herein made to them respectively."

Consequently, to the share of Clara Glantz's part of the trust estate that is to go to Herman F. Heckert, there are applicable the conditions and limitations stated in section 2 of item IV of the will that the bequest of the sum of $3,000 is to be held in trust for him and the income therefrom is to be paid to him—

"until he shall have issue of his own body living, or until his own death, and said principal sum of three thousand ($3,000) dollars and undistributed income to be paid to him when he shall have lawful issue of his own body living, and in case he shall die without having had lawful issue of his own body living, then and in that case said principal sum of three thousand ($3,000) dollars and undistributed income shall go to his brothers and sisters in equal shares and subject to the same conditions and limitations on which the other parts or bequests are made to them respectively."

As these provisions are now as applicable to Herman F. Heckert's share of Clara Glantz's part of the trust estate as they have been to the $3,000 held in trust for him, and as it was determined in *Will of Heckert, supra,* that by these provisions it was clearly the intention of the testator that the bequests to Herman F. Heckert under the will shall be held in trust until he should have a living child or should die without issue, and that the trustees shall pay to him only the income therefrom until one or the other event, and that in the event of the birth of a living child, the bequest shall then be paid to him, but that "if the event should be death, the share should then go to the brothers and sisters, or the heirs of any not then living, under the same conditions that their respective shares under their principal bequests were given to them," it follows that the order under review must be reversed in so far as it directs the trustees to presently transfer, assign, and

distribute to Herman F. Heckert a one fifth of the share of Clara Glantz's part of the trust estate; and that in lieu thereof the order must be modified by providing that said one-fifth share shall be held in trust for the benefit of Herman F. Heckert, in accordance with the testator's intention as stated above.

In respect to Emil T. Heckert, there is applicable likewise the provision in the father's will that Clara Glantz's part of the trust estate shall go, if she shall die without having lawful issue,—

"to her brothers and sisters in equal shares subject to the same condition and limitation under which their bequests are herein made to them respectively."

However, there is a material difference between the conditions and limitations under which the bequest is made to Emil T. Heckert in sections 7 and 8 of item IV of the will, and those under which the bequest of $3,000 in trust is made to Herman F. Heckert by the above-quoted provision in section 2 of item IV. In relation to the bequest to Emil there is no provision which can be deemed to subject his right to the transfer and distribution to him of his part of the trust estate to such condition as the will provides in relation to Herman, viz., that he shall have lawful issue of his own body living before payment of the principal sum of $3,000 shall be made to him. Quite to the contrary, the provisions in relation to the payment to Emil read,—

"Section 7—One of said five (5) parts of even amounts to be held in trust for my son Emil T. Heckert, to be paid to said Emil Heckert, his heirs and assignees—Provided—

"Section 8—Should my daughter Sadie Heckert and my son Emil Heckert or either of them die, without leaving lawful issue living *before* the respective bequest herein made to them, *are paid to them* and in that case such bequests made to them or either of them shall go to their brothers and sisters, heirs or assignees to have on the same terms and conditions and subject to the same limitations as the bequests made to them directly."

In thus directing in section 7 that one of those five parts is to be paid to Emil, his heirs and assigns, and then directing in section 8 that his share is to be paid to his brothers and sisters if he should die without leaving issue *before* the bequest therein made to him *is paid* to him, without any provision requiring the bequest to be held in trust and prohibiting payment thereof to him until he shall have lawful issue living or until the occurrence of any other event, it is evident that it was the testator's intention that the payment of any bequest or share to which Emil became entitled under the will could be made to him without or prior to his having issue of his own body; that such share was not to be held in trust until he have such issue or until his death; and that his share should go to the brothers and sisters only in the event of Emil's death before the payment thereof was made to him. Consequently, as he survived Clara Glantz, upon her death without having had issue of her body, one fifth of her part in the trust estate accrued to him, and as he survived the filing of the trustees' final account and order of distribution, his right to receive payment of that one-fifth share vested in him absolutely (*Will of Greene,* 240 Wis. 452, 459, 463, 3 N. W. (2d) 704); and in that respect the order under review must be affirmed.

*By the Court.*—The portion of the order appealed from, which provides that one fifth of the share of Clara Glantz, deceased, in the trust estate be transferred, assigned, and distributed to Emil T. Heckert, is affirmed; and that portion of the order which provides that another one fifth of said share of Clara Glantz, deceased, be transferred, assigned, and distributed to Herman F. Heckert, is reversed, and the cause is remanded with directions to modify this portion of the order as directed in the opinion; with costs to appellants.